O

United States District Court
Central District of California

| | |
|---|---|
| ERIKA CALDERON<br><br>    Plaintiff,<br><br>    v.<br><br>LOWE'S HOME CENTERS, LLC,<br>LOWE'S HOME CENTERS, INC. AND<br>DOES 1–25, inclusive,<br><br>    Defendants. | Case No.: 2:15-CV-01140-ODW-AGR<br><br>**ORDER DENYING MOTION TO REMAND [9]** |

## I. INTRODUCTION

Plaintiff Erika Calderon moves to remand this action to Los Angeles Superior Court for lack of diversity jurisdiction under 28 U.S.C. § 1332. Defendants Lowe's Home Centers, LLC and Lowe's Home Centers, Inc. argue that Plaintiff improperly added a party as a sham-defendant to defeat diversity. For the reasons discussed below, the Court **DENIES** Plaintiff's Motion to Remand.[1] (ECF No. 9.)

## II. FACTUAL BACKGROUND

Plaintiff is a citizen of California. (Defendant's Notice of Removal ["NOR"] 4–6, ECF No. 1.) Defendant Lowe's Home Centers, LLC is a limited liability company with its only member being Defendant Lowe's Companies, Inc. (NOR 6.)

---

[1] After carefully considering the papers filed in support of and in opposition to the Motion, the Court deems the matter appropriate for decision without oral argument. Fed. R. Civ. P. 78; L.R. 7-15.

Defendant Lowe's Companies, Inc. is a North Carolina corporation and is incorporated in North Carolina with its principal place of business in North Carolina. (*Id.*)

This action was originally filed in the Superior Court for the County of Los Angeles on July 11, 2014 against Defendants Lowe's Home Centers, LLC, Lowe's Home Centers, Inc. (NOR, Ex. A. (Compl.) Plaintiff contends that Defendant Lowe's Home Centers, LLC (hereinafter "Defendant Lowe's") negligently owned, maintained, managed, and operated the premises in such a manner so as to cause injuries and damages to Plaintiff. (*Id.*)

On October 17, 2015, Defendant Lowe's removed this lawsuit to Federal Court, asserting that complete diversity of citizenship exists between Plaintiff and Defendant Lowe's and that the amount in controversy exceeds $75,000.00. (NOR 2.) This Court issued an Order to Remand Case to Los Angeles County Superior Court on October 23, 2014, finding that Defendant Lowe's failed to establish that Plaintiff was a California citizen. (NOR, Ex. B.)

On November 25, 2014, Defendant Lowe's served written discovery requests on Plaintiff, establishing Plaintiff's citizenship in California. (NOR, Ex. F.) Once again, Defendant Lowe's removed the state action to this Court, asserting diversity jurisdiction, on February 17, 2015.

The next day, on February 18, 2015, Plaintiff filed an amendment to the Complaint substituting Jon Kennard ("Defendant Kennard"), the manager of Defendant Lowe's Hawthorne location, as a previously unnamed "Doe" defendant. (Klein Decl. ¶ 3, Ex. B.) On March 19, 2015, Plaintiff moved to remand this action to state court because Defendant Kennard and Plaintiff are both California citizens, which destroys complete diversity. (Mot. to Remand ["MTR"], ECF. No. 9.) A timely opposition was filed.[2] (ECF No. 11.) Plaintiff's Motion is now before the Court for consideration.

---

[2] No Reply was filed by Plaintiff.

2

### III. LEGAL STANDARD

Federal courts are courts of limited jurisdiction, having subject-matter jurisdiction only over matters authorized by the Constitution and Congress. U.S. Const. art. III, § 2, cl. 1; *e.g.*, *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994). A suit filed in state court may be removed to federal court if the federal court would have had original jurisdiction over the suit. 28 U.S.C. § 1441(a). Federal courts have original jurisdiction over civil actions where the amount in controversy exceeds $75,000, exclusive of interest and costs, and the case is between citizens of different states. 28 U.S.C. § 1332. Diversity jurisdiction under § 1332 requires each plaintiff be diverse from each defendant. *Exxon Mobil Corp. v. Allapattah Serv., Inc.,* 545 U.S. 546, 553, (2005).

To protect the jurisdiction of state courts, removal jurisdiction is strictly construed in favor of remand. *Harris v. Bankers Life and Cas. Co.,* 425 F.3d 689, 698 (9th Cir. 2005). Any doubt as to the right of removal must be resolved in favor of remand. *Gaus v. Miles, Inc.*, 980 F.2d 564, 566 (9th Cir. 1992). "This strong presumption against removal jurisdiction means that the defendant always has the burden of establishing that removal is proper." *Id.* The party seeking removal bears the burden of establishing federal jurisdiction. *Durham v. Lockheed Martin Corp.*, 445 F.3d 1247, 1252 (9th Cir. 2006) (citing *Gaus*, 980 F.2d at 566).

Federal courts have original jurisdiction where an action presents a federal question under 28 U.S.C. § 1331, or diversity of citizenship under 28 U.S.C. § 1332. A defendant may remove a case from a state court to a federal court pursuant to the federal removal statute, 28 U.S.C. § 1441, on the basis of federal question or diversity jurisdiction. To exercise diversity jurisdiction, a federal court must find complete diversity of citizenship among the adverse parties, and the amount in controversy must exceed $75,000, usually exclusive of interest and costs. 28 U.S.C. § 1332(a).

## IV. DISCUSSION

Plaintiff and Defendant Lowe's have complete diversity of citizenship under § 1332. Plaintiff is a citizen of California and Defendant Lowe's Home Centers LLC and Defendant Lowe's Companies, Inc. are both citizens of North Carolina. *See Johnson v. Columbia Properties Anchorage, LP*, 437 F.3d 894, 899 (9th Cir. 2006) (holding that for the purposes of diversity citizenship an LLC is a citizen of every state of which its owners are citizens). The issue before the Court is whether the addition of Defendant Kennard destroys diversity, preventing this Court from having subject matter jurisdiction.

Defendant Lowe's argues that Plaintiff improperly added Defendant Kennard post-removal as a "sham defendant" for the sole purpose of destroying complete diversity between the parties. Specifically, Defendant Lowe's asserts that Plaintiff may not use a Rule 15(a) amendment to add a diversity-destroying defendant because the amendment was not timely, and Plaintiff did not receive leave of court or the opposing party's consent. (*Id.*) Additionally, Defendant Lowe's contends that Plaintiff fails to meet the requisite test for post-removal joinder of a party as articulated in *Palestini v. Gen. Dynamics Corp.,* 193 F.R.D. 654 (C.D. Cal. 2000). The Court will address each of these arguments in turn.

### A. Federal Rule of Civil Procedure Rule 15(a)

As an initial matter, Plaintiff's time to amend her Complaint as a matter of course has long past. *See* Fed. R. Civ. P. 15(a)(1) ("A party may amend its pleading once as a matter of course within (A) 21 days after serving it, or (B) if the pleading is one to which a responsive pleading is required, 21 days after service . . . ."). Plaintiff's amendment was not filed within twenty-one days of service of the initial Compliant, nor was it filed within 21 days of Defendant Lowe's responsive pleading to the initial Complaint filed on October 28, 2014. (Answer 1.) Conspicuously, Plaintiff substituted Defendant Kennard for a doe defendant on February 18, 2015; one day after Defendant Lowe's correctly removed the case based on diversity

jurisdiction. (MTR 4). When a case is removed to Federal Court, the action proceeds as it stood in the State court. *Jenkins v. Commonwealth Land Title Ins. Co.* (9th Cir. 1996). Therefore, because Defendant Lowe's filed its response to the initial Complaint on October 28, 2014 in State Court, Plaintiff's deadline for amending her Complaint as "a matter of course" was November 17, 2014.

Furthermore, Plaintiff did not seek the Court's leave nor Defendant Lowe's consent to amend the Complaint. (Klein Decl. ¶ 3, Ex. B) Except for amendments made "of course" or pursuant to stipulation, leave of Court or consent of the opposing party is required to amend a pleading. Fed. R. Civ. P. 15(a)(2). Because Plaintiff's Amendment to the Complaint was filed without leave of Court, and there is no indication of consent by the Defendants, the amended complaint is a nullity and is struck. *See Johnson v. Washington Mut.,* No. 1:09-CV-929 AWI DLB, 2009 WL 2997661, at *1 (E.D. Cal. Sept. 16, 2009.) (stating if an amended pleading cannot be made as of right and is filed without leave of court or consent of the opposing party, the amended pleading is a nullity and without legal effect).

**B.   *Palestini* Test**

Notwithstanding that Plaintiff did not comply with Rule 15, Plaintiff's attempt to join Defendant Kennard also fails under 28 U.S.C. §1447(e) and the test for post removal joinder of a party as enumerated in *Palestini v. General Dynamics Corp.,* 193 F.R.D. 654 (C.D. Cal. 2000). Notably, the Ninth Circuit has stated that "the language of § 1447(e) is couched in permissive terms and it clearly gives the district court the discretion to deny joinder." *Newcombe v. Adolf Coors Co.,* 157 F.3d 686 (9th Cir. 1998); 29 U.S.C. § 1447(e). In this regard, the Court has greater discretion in determining whether to allow an amendment to add a non-diverse party in a removed action that destroys existing, diversity jurisdiction. 28 U.S.C. § 1447(e); *see also Newcombe*, 157 F.3d at 691. The court may (1) deny joinder; or (2) permit joinder and remand the action to State court. *Newcombe*, 157 F.3d at 691.

/ / /

Courts generally consider the following factors when deciding whether to allow amendment to add non-diverse defendants under 28 U.S.C. § 1447: (1) whether the new defendants should be joined under Fed. R. Civ. P. 19(a) as "needed for just adjudication"; (2) whether the statute of limitations would preclude an original action against the new defendants in state court; (3) whether there has been unexplained delay in requesting joinder; (4) whether joinder is intended solely to defeat federal jurisdiction; (5) whether the claims against the new defendant appear valid; and (6) whether denial of joinder will prejudice the plaintiff. *Palestini,* 193 F.R.D. at 658. The Court finds that the *Palestini* factors weigh against Plaintiff's Motion. Accordingly, each factor will be addressed in turn.

### *1. The extent to which Defendant Kennard is necessary for "just adjudication"*

Fed. R. Civ. P. 19(a) provides that joinder is required if, in the absence of the person, "the court cannot accord complete relief among the parties" or if that person "claims an interest relating to the subject of the action and is so situated" that proceeding without the person would "impair the person's ability to protect the interest," thus leaving that party susceptible to multiple, or inconsistent obligations. Joinder of a person is not required, however, if it would destroy subject matter jurisdiction under Rule 19(a). *Lopez v. Gen. Motors Corp.,* 697 F.2d 1328, 1332 (9th Cir. 1983); *IBC Aviation Servs. v. Compania Mexicana de Aviacion, S.A. de C.V.,* 125 F. Supp. 2d 1008, 1012 (N.D. Cal. 2000). Additionally, joinder is not appropriate if the non-diverse defendant whose joinder is sought is only "tangentially related to the cause of action or would not prevent complete relief." 28 U.S.C. § 1447(e); *Clinco v. Roberts*, 41 F. Supp. 2d 1080, 1082 (C.D. Cal. 1999).

Applied in the present case, the Court does not find that Defendant Kennard is a necessary party within the scope of Rule 19(a). Defendant Kennard's absence in the present action will not prevent complete relief from being accorded between Plaintiff and Defendant Lowe's because any alleged liability for Defendant Kennard's actions

as an employee are imputed to his employer under the doctrine of *respondeat superior*. *Perez v. Van Groningen & Sons, Inc.,* 41 Cal. 3d 962, 96 (1986).

Under the doctrine of *respondeat superior*, an employer is vicariously liable for his employee's torts committed within the scope of the employment. *Id.* This doctrine is based on the policy that losses caused by the torts of employees, "which as a practical matter are sure to occur in the conduct of the employer's enterprise, are placed upon that enterprise itself, as a required cost of doing business." *Id.* Furthermore, a plaintiff seeking to hold an employer liable for injuries caused by employees acting within the scope of their employment is not required to name or join the employees as defendants. *Perez v. City of Huntington Park,* 7 Cal. App. 4th 817, 820 (1992).

Here, Plaintiff contends that the joinder of Defendant Kennard, Store Manager of Defendant Lowe's Hawthorne location at the time of the subject incident, is necessary for just adjudication of the instant case. (MTR 5.) Plaintiff accuses Defendant Kennard of "negligence for his role in maintaining, managing, and operating" the subject store. (*Id.*) Plaintiff's argument is not persuasive. Assuming *arguendo*, that Defendant Kennard could be found negligent in this case, it would be Defendant Lowe's, the deep-pocket employer, who will be ultimately responsible for any damages under the doctrine of *respondeat superior*. *Linnin v. Michielsens*, 372 F. Supp. 2d 811, 823–24 (E.D. Va. 2005) (holding that an injured worker fraudulently joined an employee mechanic of the subject faulty equipment in order to defeat Federal Court's subject matter jurisdiction). For this reason, "[j]uries are loath to saddle a lowly employee with a joint and several judgment." *Id.* "[G]iven the relative financial positions of most companies versus their employees, the only time an employee is going to be sued is when it serves a tactical legal purpose, like defeating diversity." *Id.*

The instant case is squarely on point. Plaintiff's allegations against Defendant Kennard do not indicate that he is necessary to or highly involved in Plaintiff's

allegations against Defendant Lowe's. (MTR 3.) In fact, Plaintiff's allegations against Defendant Kennard simply duplicate the allegations Plaintiff asserts against Defendant Lowe's. (*Id.*) Specifically, Plaintiff's Amended Complaint contains no allegations of actions by Defendant Kennard outside of the scope of his employment, or any basis for distinguishing him from Defendant Lowe's. (MTR, Ex. B.) Because the Court finds that the inclusion of Defendant Kennard in the present case is not necessary to afford Plaintiff the ability to obtain complete relief, this factor weighs against permitting remand.

### *2. The extent to which a statute of limitations would affect Plaintiff's ability to bring a separate suit against Defendant Kennard*

Generally, a two-year statute of limitations applies to suits for injury to an individual caused by the wrongful act or neglect of another. Cal. Civ. Proc. Code § 335.1. Hence, Plaintiff's cause of action against Defendant Kennard would be time-barred under the statute of limitations because it expired on July 14, 2014. However, as discussed above, Defendant Kennard is not a necessary party for Plaintiff to fully recover for her claim against Defendant Lowe's. Accordingly, this factor does not support remand.

### *3. The extent to which the attempted amendment is timely*

When determining whether to allow amendment to allow joinder of a non-diverse party, courts consider whether the amendment was timely. *Clinco*, 41 F. Supp. 2d at 1082. Further, under section 1447(e), a court has discretion to deny joinder of a party "whose identity was ascertainable and thus could have been named in the first complaint." *Murphy v. Am. Gen. Life Ins. Co.,* No. ED CV14-00486 JAK, 2015 WL 542786, at *9 (C.D. Cal. 2015). Plaintiff had the opportunity to ascertain the identity of doe defendants before Defendant Lowe's removed to Federal Court but declined to do so. Defendant Lowe's correctly points out that Plaintiff could have propounded discovery ten days after service of the initial Complaint, or conducted further discovery prior to the removal of this action to identify any additional

defendants. (Opp'n 8.) Instead, Plaintiff waited to assert the identity of Defendant Kennard, a non-diverse doe defendant, 222 days after the original filing.

Plaintiff's position is disingenuous. Plaintiff alleges that she researched the identity of doe defendants and "upon discovering the identity of the manager named him as a Doe defendant on February 18, 2015." (MTR 8.) Conspicuously, this date is exactly one day after Defendant Lowe's successfully removed the instant action. It is apparent that Plaintiff never attempted to identify or charge a doe defendant until she found that the case was removed to a disfavored venue. Quite simply, the amendment is too late. Accordingly, this factor weighs heavily against remand.

### *4. Plaintiff's motive for joinder*

"Fraudulent joinder" is a term of art, it does not reflect on the integrity of plaintiff or counsel, but is merely the rubric applied when a court finds either that no cause of action is stated against the nondiverse defendant, or *in fact* no cause of action exists. In other words, a joinder is fraudulent if "there [is] no real intention to get a joint judgment, and . . . there [is] no colorable ground for so claiming." *AIDS Counseling & Testing Centers v. Grp. W Television, Inc.,* 903 F.2d 1000, 1003 (4th Cir. 1990). As articulated in greater detail above, Plaintiff has nothing to gain from joining Defendant Kennard except for defeating diversity. *See Ellsworth, LeBlanc & Ellsworth, Inc. v. Strategic Outsourcing, Inc.,* No. CIV.A.03-0613, 2003 WL 21783304, at *3 (E.D. La. July 30, 2003) (concluding, that an employee, whose negligence would be imputed to his employer under the doctrine of *respondeat superior*, was not necessary to the litigation, thus the plaintiff has nothing to gain by adding the employee). Accordingly, this factor weighs against remand.

### *5. Whether the claim against Defendant Kennard seems valid*

Courts consider whether the claim to be added seems meritorious. *Clinco*, 41 F. Supp. 2d at 1083. The Ninth circuit has stated "[i]f the plaintiff fails to state a cause of action against a resident defendant, and the failure is obvious according to the settled rules of the state, the joinder of the resident defendant is fraudulent." *McCabe*

*v. Gen. Foods Corp.,* 811 F.2d 1336, 1339 (9th Cir. 1987) (holding that a company manger acting on behalf of his employer was wrongfully joined in a wrongful termination action in an attempt to defeat diversity jurisdiction).

On the basis of the Complaint alone, this Court concludes that no valid cause of action has been stated against Defendant Kennard. Plaintiff does not plead any specific allegations that tie Defendant Kennard to the subject incident aside from the fact that he was Store Manager of the subject store at the time of the incident. (*Id.*) Absent any specific facts that Defenant Kennard's individual conduct was for his own benefit or personal advantage, he cannot be held personally liable for Plaintiff's alleged injuries. *See McGrath v. Home Depot USA, Inc.,* 298 F.R.D. 601, 608 (S.D. Cal. 2014). Further, as discussed *supra,* Defendant Kennard's actions are imputed to his employer, Defendant Lowe's, under *respondeat superior.* Because Plaintiff cannot assert claims against Defendant Kennard as an individual, this factor demonstrates that he is a sham defendant and weighs against remand.

**6.** *Prejudice to Plaintiff*

This Court finds that no prejudice will attach to Plaintiff if Defendant Kennard is not joined. As repeated numerous times throughout this Order, Plaintiff can receive an adequate final judgment without the participation from Defendant Kennard as a party because Defendant Lowe's would ultimately provide complete recovery under the doctrine of *respondeat superior.* Hence, this factor weighs against remand.

/ / /
/ / /
/ / /
/ / /
/ / /
/ / /
/ / /
/ / /

## V.  CONCLUSION

For the reasons discussed above, the Court concludes that Defendant Kennard is not necessary for the Plaintiff to join in this action to recover.  Accordingly, Plaintiff's Motion to Remand is **DENIED** and Defendant Kennard is **DISMISSED** from the case.

**IT IS SO ORDERED.**

June 24, 2015

_____
**OTIS D. WRIGHT, II
UNITED STATES DISTRICT JUDGE**